UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Leland Christ, | CIVIL ACTION |
| Plaintiff, | |
| v. | CASE NO. 1:14-cv-01270 |
| The CBE Group, Inc., an Iowa Corporation, | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, LELAND CHRIST ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD. ("Sulaiman"), complaining of the Defendant, THE CBE GROUP, Inc., an Iowa Corporation ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

2. Plaintiff brings this action for damages for Defendant's violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/2 ("ICFA").

### JURISDICTION AND VENUE

3. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claim occurred within the Northern District of Illinois.

### PARTIES

5. Plaintiff is a natural person residing at 47 Indianwood Drive, Thornton, Illinois 60476 and is a "consumer" as defined by the FDCPA. 15 U.S.C. §1692 a(3).

6. Plaintiff is a "consumer" as defined by ICFA. 815 ILCS 505/2(e).

7. At all times relevant to this action Defendant was a corporation with its principal place of business in Cedar Falls, Iowa.

8. Defendant is in the business of collecting debts in the State of Illinois.

9. Defendant is a "debt collector" as defined by the FDCPA, U.S.C. § 1692 a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

### FACTS SUPPORTING CAUSE OF ACTION

10. On May 23, 2013, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 13-21717, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362. *See* attached Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

11. Prior to filing the bankruptcy, the Plaintiff entered into a contract for cellular phone service with Verizon Wireless ("Verizon").

12. Also prior to the filing of the bankruptcy, Plaintiff defaulted on his monthly payments to Verizon ("subject debt").

2

13. On June 20, 2013, Plaintiff filed an Amended Schedule F with the Bankruptcy Court to include Verizon as an unsecured creditor. *See* attached Exhibit B, a true and correct copy of Plaintiff's Amended Schedule F.

14. One June 20, 2013, Plaintiff filed an Amended Schedule G with the Bankruptcy Court to reject his contract with Verizon. *See* attached Exhibit C, a true and correct copy of Plaintiff's Amended Schedule G.

15. On June 20, 2013, Plaintiff filed and served Verizon with a notice of filing of Amended Schedules F and G along with a copy of Amended Schedules F and G. *See* attached Exhibit D, a true and correct copy of Notice of Filing and attached Amended schedules F and G served upon Verizon.

16. On July 19, 2013, the Chapter 7 Trustee, Deborah Ebner, filed a no asset report with the United States Bankruptcy Court for the Northern District of Illinois. *See* attached Exhibit E, a true and correct copy of the Bankruptcy Court docket.

17. On August 2, 2013, Plaintiff received an invoice from Verizon demanding immediate payment of the subject debt that was included in his Bankruptcy. *See* attached Exhibit F, a true and correct copy of Verizon's August 2, 2013 invoice.

18. The August 2, 2013, letter threatens Plaintiff with service disruption if the minimum amount of $895.65 is not paid immediately. *Id.*

19. On August 15, 2013, Sulaiman mailed and faxed a Copy of the Notice of Bankruptcy to Verizon. *See* attached Exhibit G, a true and correct copy of Sulaiman's mailed letter and fax sent to Verizon by Sulaiman.

20. The Notice of Filing expressly states that Plaintiff is represented by Sulaiman and provides Sulaiman's contact information.

21. On September 17, 2013, an Order of Discharge was entered by Judge Timothy A. Barnes. The Order discharges all of Plaintiff's dischargeable debts pursuant to 11 U.S.C. §524, including but not limited to the debt allegedly owed to Verizon. *See* attached Exhibit H, a true and correct copy of the Order of Discharge.

22. Upon information and belief, Verizon employed Defendant to collect on Plaintiff's account.

23. On September 20, 2013, Defendant sent Plaintiff a dunning letter demanding payment on the discharged Verizon debt. This letter to Plaintiff indicated a past due balance of $373.73. *See* attached Exhibit I, a true and correct copy of Defendant's September 20, 2013 dunning letter.

24. The September 20, 2013 collection letter concedes that Defendant is a debt collector and therefore subject to the FDCPA. *Id.*

25. Defendant's correspondences to Plaintiff were highly upsetting to Plaintiff as the Verizon debt had been listed and later discharged in the bankruptcy proceeding.

26. Concerned about having to pay on a bill that Plaintiff believed was included and discharged in his Chapter 7 bankruptcy, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts cease.

27. The Plaintiff, as a direct result of the conduct of Defendant, has suffered a great deal of stress.

28. The Plaintiff has expended numerous hours consulting with his attorneys as a result of Defendant's deceptive collection actions.

29. The Plaintiff has suffered mental anguish and emotional distress due to Defendant's demand on an obligation that was discharged in Plaintiff's Chapter 7 bankruptcy.

4

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Defendant violated 15 U.S.C. §§1692 c(a)(2), e(2), e(10), f, and (b)(6) through its debt collection efforts.

32. Defendant violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt as the subject debt was not owed at the time Defendant demanded payment of the subject debt as the subject debt was discharged in Plaintiff's Chapter 7 Bankruptcy.

33. Defendant violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was owed at the time of the demand.

34. Defendant violated 15 U.S.C. §1692 f by employing unfair and unconscionable means to collect the subject debt as the Plaintiff was no longer obligated to pay the subject debt by virtue of his bankruptcy discharge.

35. Defendant violated 15 U.S.C. §1692(b)(6) when it sent a communication to Plaintiff after having actual knowledge that the Plaintiff is represented by counsel.

36. Upon information and belief, it is part of Defendant's normal business practices to continue attempting to collect discharged or otherwise extinguished debts.

WHEREFORE, Plaintiff, LELAND CHRIST, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II -- VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

37. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

38. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a discharged or otherwise extinguished debt from Plaintiff.

39. The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

40. Defendant's attempt to collect a debt is part of the conduct of any trade or commerce.

41. This demand represents the use of deception, fraud, and false pretense in an attempt to collect a debt because it was not owed at the time the demand for payment were made by Defendant.

42. Defendant's demand for payment on the subject debt, which was duly scheduled in Plaintiff's bankruptcy, is unfair and deceptive.

43. This demand represents the use of deception, fraud, and false pretense in an attempt to collect a debt because it was not owed at the time the demand for payment was made by Defendant.

6

44. Defendant's demand for payment was made with knowledge of the bankruptcy case filing and were unfair and misleading to Plaintiffs.

45. ICFA was designed to protect consumers from the very acts committed by Defendant.

46. Defendant intended that Plaintiff rely on its misrepresentations.

47. ICFA further states:

Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper.

815 ILCS 505/10a

48. As pled in paragraphs 27 through 29 above, Plaintiff was harmed by Defendant's unfair and deceptive practices.

49. Moreover, upon information and belief, these unfair and deceptive practices are part of a pattern and practice of behavior in which Defendant routinely engages as part of its business model.

50. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, LELAND CHRIST, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding the Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 20, 2014	Respectfully Submitted,

/s/ Penelope N. Bach
/s/ Mohammed O. Badwan
Penelope N. Bach, Esq. ARDC#6284659
Mohammed O. Badwan, Esq. ARDC#6299011
Counsel for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181

8